United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIULIO PALMA,

      Plaintiff,

      v.

LYNWOOD DENT, et al.,

      Defendants.
_____/

No. C 06-6151 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant Lynwood Dent to dismiss the first amended complaint. Plaintiff did not file a written opposition to the motion. Having read defendant's papers, and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

This is an action alleging constitutional claims under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), plus state law claims of defamation, interference with contractual advantage, and negligent infliction of emotional distress.

Plaintiff Giulio Palma ("Palma") is a citizen of Italy who was employed by the Italian Government for a number of years. On December 28, 1994, he was assigned to the Italian Consulate General in San Francisco, where he worked as a network adminstrator.

According to Palma, he was granted a "PA-2" visa by the United States on March 21, 1996. Palma asserts that the "PA-2" is a classification used for A-2 visa holders who permanently reside in the United States. (Palma did not, however, possess a Green Card.)

On December 19, 2002, Palma purchased a Cessna Skyhawk aircraft, a plane that seats up to four people. On April 12, 2004, Palma learned he faced tax exposure and penalties because he had not paid the proper use tax. On July 7, 2004, Palma began making payments on the taxes for the aircraft.

Palma alleges that on September 24, 2004, defendant Lynwood Dent ("Dent"), who was at the time an employee of the U. S. State Department, sent the Embassy of Italy a "Diplomatic Note" in which he accused Palma of fraudulently representing himself as a United States citizen, and attempting to avoid paying taxes, and also accused him of committing a criminal act and of not paying taxes on the aircraft. Palma asserts that these accusations were false, and that despite his attempts to explain to the U.S. State Department that he had not represented himself as a United States citizen, and had not attempted to avoid paying the use tax, he was fired from his job on February 17, 2005, because of the allegations made by Dent.

On March 18, 2005, Palma filed a suit for damages and declaratory relief against the United States, asserting denial of due process and equal protection, and also alleging defamation, interference with contractual advantage, and negligent infliction of emotional distress. See Palma v. United States, (Northern District of California, No. C-05-1129 PJH).

The United States moved to dismiss the constitutional claims on the ground that as a matter of law, a plaintiff cannot sue the United States for federal constitutional violations; and moved to dismiss the tort claims on the ground that plaintiff had failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. On August 10, 2005, the parties stipulated to dismissal of the complaint without prejudice. The action was dismissed on August 15, 2005.

On October 2, 2006, Palma filed the present action. The original complaint in this action is identical to the complaint filed in the earlier case, with the exception that it also

2

names ten DOE defendants, and states that Palma filed a tort claim with the Department of State in October 2005, and had received a letter denying the claim in April 2006.

The United States again moved to dismiss the constitutional claims on the ground that a plaintiff cannot sue the United States for federal constitutional violations; and moved to dismiss the tort claims on the ground that claims arising out of defamation and interference with contract are excepted from the United States' waiver of sovereign immunity under the FTCA. On February 26, 2007, the parties stipulated to the dismissal of the United States with prejudice.

Also on February 26, 2007, Palma filed an amended complaint naming Lynwood Dent as a defendant. The allegations in the amended complaint are largely identical to the allegations in the original complaint. On April 12, 2007, Dent filed a motion to dismiss. The motion was noticed for hearing on May 23, 2007.

On May 1, 2007, the day before Palma's opposition was due under the Civil Local Rules, the parties filed a stipulated request to continue the hearing date. On May 2, 2007, the court continued the hearing to August 29, 2007, and ordered, pursuant to the stipulation, that Palma's opposition be filed on May 16, 2007; that Dent's reply be filed on June 27, 2007.

Palma failed to file his opposition as directed by the court. On May 17, 2007, Dent filed a reply requesting that the motion be granted.

**DISCUSSION**

A.  Dismissal for Failure to Oppose the Motion

Dent argues that the action should be dismissed because Palma failed to comply with the Civil Local Rules. The local rules of this court provide that a party opposing a motion shall file an opposition or a statement of non-opposition no fewer than 21 days before the noticed hearing date. Civ. L.R. 7-3(a), (b). Dent asserts that the Ninth Circuit has ruled that the dismissal of a lawsuit is an appropriate sanction for a plaintiff's failure to comply with local rules regarding the filing of an opposition to a motion to dismiss. In support, Dent cites Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In Ghazali, the local rules of the District of Nevada provided that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Id. at 53 (citing Dist. Nev. R. 140-6). The Ninth Circuit noted that while the courts construe pleadings liberally in the favor of pro se plaintiffs, pro se litigants are bound by the rules of procedure. Because the plaintiff had failed to follow the local rules, the court found that the case was properly dismissed. Id. at 54.

Nevertheless, Ghazali is plainly distinguishable from the present case. Unlike the District of Nevada, the Northern District of California does not have a local rule providing that the failure to file an opposition constitutes consent to the granting of the motion.[1] Local Rule 7-3(a) simply sets forth the schedule for briefing motions in this court, while Rule 7-3(a) provides that a party who does not oppose a motion must file a statement of non-opposition. However, there is no provision in the local rules of this court that the failure to file an opposition will result in the granting of the motion. Thus, Palma did not violate the local rules by failing to file an opposition.

Palma did, however, fail to comply with an order of the court by failing to file his opposition by May 15, 2007. Under Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with any order of the court. A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute or failure to comply with a court order, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

---

[1] The undersigned judge does include such a provision in the case management and pretrial order that is issued in most cases following the initial case management conference, but in the present case, the court has not yet issued a case management and pretrial order.

4

the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). The first two factors generally favor the imposition of sanctions, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions. Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Generally speaking, however, the district court must first warn the plaintiff that the case is in danger of being dismissed for failure to prosecute or failure to comply with a court order, and give the plaintiff an opportunity to respond. See, e.g., Safouane v. Fleck, 2007 WL 1031460 at *9 (9th Cir., Mar. 30, 2007) (mem.). Here, the court has not issued an order to show cause or any other type of warning to Palma, and finds that dismissal under Rule 41(b) would therefore not be appropriate. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).

B.   Dismissal of Bivens Claims as Time-Barred

Dent argues that Palma fails to state a claim of constitutional violations because his Bivens claim is time-barred. Dent notes that Palma alleges that Dent accused him in September 2004 of fraudulently representing himself as a United States citizen and attempting to avoid paying taxes, and alleges further that he was fired from his job on February 17, 2005 because of the allegations made by Dent. Dent asserts that because these actions occurred more than two years before Palma filed the action against Dent on February 26, 2007, the claim is time-barred.

The applicable statute of limitations for a Bivens action is the forum state's personal injury statute. Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002); see also Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Effective January 1, 2003, personal injury actions in California are subject to a two-year statute of limitations. Cal. Civ. P. Code § 335.1. In addition, federal law governs the accrual date of a claim. Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000). A Bivens claim accrues, for limitations purposes, when the plaintiff knows or has reason to know of the injury. Western Ctr. for Journalism v.

Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000).

Here, Palma alleges in the amended complaint that he was "denied due process and equal protection of the law as guaranteed under the Federal Constitution of the United States." FAC ¶ 71. He asserts that

> [d]efendant denied Palma a chance to be heard, a hearing, and the opportunity to be represented by counsel and produce evidence in his defense before [d]efendant issued the [Diplomatic] Note, which demanded under color of federal authority the termination of Palma's employment. Again under color of federal authority, [d]efendant summarily demanded that Palma and his wife depart the United States, without the benefit of a hearing or any administrative proceeding to determine the validity of the Note's allegations, in violation of clearly established Fifth Amendment Due Process rights of a permanent resident alien.

FAC ¶ 70.

Palma's Bivens claim accrued when he knew or had reason to know of the injury. Based on the allegations in the amended complaint, that date appears to be when he first learned of the contents of the Diplomatic Note. But, as Dent argues, even if the court were to find that the claim did not accrue until plaintiff was terminated from his position on February 17, 2005, that date is still more than two years before he named Dent as a defendant in the Bivens action. Thus, the claim is time-barred and the motion must be GRANTED on that basis.[2]

C.   Dismissal Based on FTCA's Judgment Bar

Dent's final argument is that Palma's claims are barred under the FTCA's judgment bar, which provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Dent argues that where, as here, a judgment has been entered in an FTCA case against the United States, the plaintiff's Bivens claims against an

---

[2] The claim against Dent does not relate back to the October 6, 2006, filing of the original complaint in this action, as the original complaint did not adequately state a Bivens claim against the United States, and plaintiff was not "ignorant of" Dent's name because he was not "ignorant of the facts giving him a cause of action against" Dent. See Kreines v. United States, 959 F.2d 834, 837 (9th Cir. 1992) (quotation and citation omitted).

6

individual defendant are barred by the judgment in favor of the United States, because the claims against the United States arise from the same conduct alleged against the individual defendant. In support, Dent cites Arevalo v. Woods, 811 F.2d 487 (9th Cir. 1987), and Gasho v. United States, 39 F.3d 1420 (9th Cir. 1994).

In Arevalo, the plaintiff brought claims of false imprisonment, battery, and outrageous conduct against the United States under the FTCA and asserted a Fourth Amendment false arrest claim against an Immigration and Naturalization Service investigator, based on the investigator's detention and treatment of the plaintiff. Following a bench trial, the district court entered judgment against both the government and the INS investigator. The plaintiff was awarded $1000 compensatory damages against the government on the FTCA claim, and $1000 compensatory damages plus $500 punitive damages against the investigator on the Bivens claim.

The Ninth Circuit held that under 28 U.S.C. § 2676, the judgment entered against the government under the FTCA precluded a judgment against the government employee under the Bivens claim because the employee's conduct that resulted in the judgment against the government was the same conduct that formed the basis of the Bivens claim. Arevalo, 811 F.2d at 490. "The moment judgment was entered against the government, then by virtue of section 2676, [the INS investigator] was not longer answerable to [the plaintiff] for damages." Id.

In Gasho, the U.S. Customs Service seized an aircraft that allegedly displayed false or misleading aircraft registry markings, and arrested the owners for, among other things, unlawful removal of property (the aircraft's logbooks) from Customs custody. The aircraft owners filed false arrest and other tort claims against the United States under the FTCA. The district court granted summary judgment for the government on the FTCA claims.

The plaintiff aircraft owners then filed a Bivens action against the two Customs officers and their supervisor, alleging arrest without probable cause, and seizure of property without due process. The district court dismissed the Bivens claims pursuant to 28 U.S.C. § 2676, holding that the existence of the prior judgment in the FTCA action barred the

Bivens claims. The plaintiffs argued that the "judgment" in § 2676 applies only to judgments against the United States, and that when the judgment in an FTCA action is in favor of the United States, § 2676 has no effect.

The court disagreed, holding that "<u>any</u> FTCA judgment, regardless of its outcome, bars a subsequent Bivens action on the same conduct that was at issue in the prior conduct." Id. at 1437. The court added, however, that "[p]laintiffs contemplating both a Bivens action and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions. This will foster more efficient settlement of claims, since the evidence and proof in FTCA and Bivens claims often overlap."

However, Gasho also noted that the Ninth Circuit, in Kreines v. United States, emphasized that the statutory bar in § 2676 "was conceived by Congress primarily to prevent dual recoveries arising from additional, subsequent litigation." Kreines, 959 F.2d at 838. The Kreines court found that where a plaintiff files an FTCA claim and a Bivens claim in the same action, and judgment is entered first in one claim and then, some months later, in the second claim, the claims can be considered "contemporaneous," and the court is free "in this narrow context, to consider the possibility that the quality of the FTCA judgment may have a bearing on its effect on contemporaneous judgments." Id. The court concluded that an FTCA judgment in favor of the government does not bar a Bivens claim when the judgments are "contemporaneous" and part of the same action. Id.

The court finds that, under Kreines, the Bivens claim in the present action is not barred by the operation of § 2676. Palma filed both the Bivens claim and the FTCA claim contemporaneously in the same action, and then voluntarily agreed to dismiss the FTCA claim after defendant filed a motion to dismiss.

**CONCLUSION**

In accordance with the foregoing, the motion to dismiss is GRANTED on the ground that the Bivens claim is time-barred. Because the court finds that amendment would be futile, the dismissal is WITH PREJUDICE.

In view of Palma's failure to file a written opposition as agreed by the parties and as

8

directed by the court, the hearing on the motion, previously set for Wednesday, August 29, 2007, is VACATED.

**IT IS SO ORDERED.**

Dated: July 12, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge