UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIULIO PALMA,

    Plaintiff,

    v.

LYNWOOD M. DENT, JR.,

    Defendant.
_____/

No. C 06-6151 PJH

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

    Plaintiff, a former employee of the Italian Consulate General in San Francisco, filed suit against the United States on March 18, 2005, alleging constitutional claims and claims of defamation, interference with contractual advantage, and equal protection. (Palma v. United States of America, C-05-1129 PJH).

    In that suit, plaintiff alleged that on September 24, 2004, Lynwood Dent ("Dent"), who was at the time an employee of the U.S. State Department, sent the Italian Embassy a "Diplomatic Note" in which he accused plaintiff of fraudulently representing himself to be a U.S. citizen, and attempting to avoid paying taxes, in connection with the purchase of an aircraft. Plaintiff asserted that these charges were false, and that in spite of his attempts to explain to the U.S. State Department that he had not represented himself as a citizen of the

United States, and had not attempted to avoid paying taxes, he was fired from his job on February 17, 2005, because of the allegations made by Dent.

The government moved to dismiss the constitutional claims on the ground that a plaintiff cannot sue the United States for constitutional violations, and moved to dismiss the tort claims on the ground that plaintiff had failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). On August 10, 2005, the parties stipulated to dismiss the complaint without prejudice. The action was dismissed on August 15, 2005.

On October 2, 2005, plaintiff filed the present action against the United States, again alleging various constitutional claims and state tort claims for defamation and interference with contract, based on a dispute regarding his status as a resident of the United States as set forth in the complaint in the previous action. The primary difference between the complaint in the present action and the complaint in the previous action is that in the present action, plaintiff alleged that he had filed a tort claim with the State Department, which was denied.

The government again moved to dismiss the constitutional claims on the grounds that a plaintiff cannot sue the United States for federal constitutional violations, and moved to dismiss the tort claims on the ground that claims arising out of defamation and interference with contract are excepted from the United States' waiver of sovereign immunity under the FTCA. On February 26, 2007, the parties stipulated to the dismissal of the United States with prejudice.

Also on February 26, 2007, plaintiff filed an amended complaint naming Dent as a defendant, alleging the same constitutional and tort claims. On April 12, 2007, defendant filed a motion to dismiss, arguing that the constitutional claims were time-barred, and that the tort claims were barred by the FTCA's judgment bar, 28 U.S.C. § 2676.

The motion was noticed for hearing on May 23, 2007. On April 30, 2007, two days before plaintiff's opposition to the motion was due, the parties filed a stipulated request to continue the hearing date to June 6, 2007, and the due dates for the opposition and reply briefs to May 11, 2007, and May 23, 2007. That same day, the clerk advised counsel for

defendant that the court was unavailable on June 6, 2007, and defendant's counsel requested that the original hearing date be reinstated.

On May 1, 2007, the parties filed a stipulated request to continue the hearing date to August 29, 2007. Defendant's counsel states in his declaration that he agreed to continue the hearing date "in order to accommodate plaintiff's counsel's request for more time." The parties also stipulated that plaintiff's opposition would be due on May 16, 2007, and defendant's reply would be due on June 27, 2007. The court signed the proposed order, continuing the hearing date and directing that plaintiff's opposition be filed on May 16, 2007, and that defendant's reply be filed on June 27, 2007.

Plaintiff failed to file his opposition as he had agreed and as the court had ordered. On May 17, 2007, defendant filed a reply requesting that the motion be granted. The court considered whether the case should be dismissed for failure to file an opposition, and found that it should not, because this judicial district has no local rule authorizing the granting of a motion where the non-moving party fails to file an opposition. The court also considered whether the case should be dismissed for failure to comply with an order of the court, and found that it should not, because there had been no prior warning that failure to comply with orders of the court would result in dismissal.

With regard to the arguments made by defendant in the motion, the court considered whether plaintiff's claims were barred by the FTCA's judgment bar, which provides that where a judgment has been entered in an FTCA case, it constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim. 28 U.S.C. § 2676. The court found that it was not.

Finally, the court considered whether the constitutional claims were time-barred, and found that they were, because the alleged injury had accrued more than two years before the case was filed. On June 12, 2007, the court issued an order dismissing the case. The dismissal was with prejudice, as the court found that amendment would be futile.

On August 2, 2007, plaintiff's counsel Benjamin Winslow wrote a letter to the court

3

stating that he had been out of the country, and had discovered "upon return to my office last week" that his office had "inadvertently calendared the wrong due date for the opposition. He added that he had not been able to make contact with plaintiff, but that he believed that plaintiff had legal grounds to oppose the motion and that the claims against Dent were not time-barred.

On August 10, 2007, Mr. Winslow wrote another letter to the court stating that he had made contact with his client, and that plaintiff intended to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).

On August 22, 2007, plaintiff filed a motion for relief from judgment under Rule 60(b)(1). Under Rule 60(b)(1), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff contends that he is entitled to relief from judgment based on "excusable neglect."

Plaintiff asserts that the court dismissed the complaint because he had failed to file an opposition to the motion. In a declaration filed with the motion, Mr. Winslow claims that he failed to oppose the motion because "[m]y office inadvertently calendared the due date based on the August 29, 2007, hearing date." Mr. Winslow states that he was out of the country on May 16, 2007 (the day the opposition was due). He asserts that this qualifies as "excusable neglect."

Mr. Winslow also claims that after returning to the office and receiving the July 12, 2007, order dismissing the complaint, he tried to make contact with plaintiff but was unable to do so. He eventually was successful in contacting plaintiff, and contends that plaintiff told him he had also been out of the country, and then upon his return, had to seek medical attention for the family pet. Plaintiff allegedly informed Mr. Winslow that he wanted to continue pursuing the case.

Plaintiff contends that he has legal grounds for opposing the motion to dismiss, and seeks an order vacating the judgment so he can respond to the motion. He argues that defendant will not be prejudiced in any way if the court grants relief.

4

As grounds for opposing the motion, he asserts he will argue that the complaint is not time-barred because the amended complaint relates back to the original filing date, not to the date that Dent was added as a defendant. He also will argue that the FTCA's judgment bar is inapplicable because plaintiff filed the constitutional claims and the FTCA claims in the same action.

Defendant opposes the motion. He argues that the motion should be denied because plaintiff cannot show excusable neglect, and because the motion to dismiss was filed on April 12, 2007, more than four months ago. He asserts that plaintiff had nearly two months to file a belated opposition prior to the court's entering judgment, but failed to do so, and notes that plaintiff waited yet another month after judgment was entered before moving to set aside the judgment.

Defendant argues that plaintiff's counsel had multiple opportunities to correct the error of failing to file an opposition to the motion to dismiss. First, defendant contends that plaintiff could have requested leave to file a late opposition after the reply brief was filed on May 17, 2007. Second, defendant argues that plaintiff could have contacted counsel for defendant at that time to seek an extension of time in which to file an opposition. Third, defendant asserts that plaintiff could have requested leave to file a later opposition at any time during the two months between the date the reply was filed and the date the judgment was entered.

Defendant argues that even if it is true that Mr. Winslow was out of the country for the entire period from May 1, 2007, until after judgment was entered, he could have requested the other affiliated attorney – Holly Pranger – to file an opposition. He claims that Ms. Pranger "has been representing Mr. Palma in both of his federal actions and is knowledgeable about both cases."

Defendant also contends that in cases where the court has set aside a judgment for excusable neglect, the cases have still been young – in contrast to the present situation, where plaintiff first filed suit in 2005. And defendant notes that although plaintiff knew of Dent's existence at that time, he failed to name him until February 26, 2007.

5

Finally, defendant argues that the court properly entered judgment in his favor. He asserts that plaintiff's constitutional claims accrued when plaintiff knew or had reason to know of the contents of the Diplomatic Note – on or about September 24, 2004. Thus, plaintiff was required to file the complaint no later than September 24, 2006. Plaintiff, however, did not file the present action until October 2, 2006, and did not name Dent as a defendant until February 26, 2007.

In reply, plaintiff asserts that Mr. Winslow was "out of the office" from July 12, 2007, through the end of July. He asserts that when the reply was filed (June 27, 2007), "Benjamin Winslow's staff who receives the e-filings was out of the country for an extended period of time," and that "[t]he e-filings during this time were re-directed to two e-mail addresses (one of which went to a spam folder) but the reply triggered nothing because it was a reply which do not get calendared." Thus, plaintiff asserts, "[a]ccording to [p]laintiff's counsel's calendar, nothing was due in the case until the mis-calendared due date for the opposition."

Plaintiff also disputes defendant's assertion that Ms. Pranger could have filed an appropriate response to the motion. Plaintiff contends that Ms. Pranger is not an employee of the Law Offices of Benjamin Winslow, does not directly receive e-mail filings in this case, and had no way of knowing about the reply. Plaintiff contends that the failure to file the opposition was due to an "excusable mistake in calendaring," and argues that the court should grant the motion for relief from judgment.

Rule 60(b)(1) allows a court to relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001). For purposes of Rule 60(b), "excusable neglect" is understood to "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993).

The determination of whether neglect is excusable is an equitable one that depends on several factors, which may include (1) the danger of prejudice to the opposing party;

6

1  (2) the length of the delay and its potential impact on the proceedings; (3) the reason for
2  the delay; and (4) whether the movant acted in good faith.  Bateman v. U.S. Postal Serv.,
3  231 F.3d 1220, 1223-24 (9th Cir. 2000).  These factors are not exclusive, but "provide a
4  framework with which to determine whether missing a filing deadline constitutes 'excusable'
5  neglect."  Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997).  Generally,
6  the court should "examine all the circumstances involved rather than holding that any single
7  circumstance in isolation compels a particular result regardless of the other factors."  Id. at
8  382 n.2.

9  Here, defendant does not argue that he would be prejudiced if the motion were
10 granted, but he does argue that the delay was overly long under the circumstances, and
11 that the reason for the delay is not justifiable; and he also suggests (though does not
12 specifically state) that plaintiff and his counsel have not acted in good faith.

13 The court finds that the motion should be DENIED.  The reasons given by plaintiff for
14 the delay are not persuasive, Mr. Winslow's actions cannot be characterized as "excusable"
15 neglect."

16 Mr. Winslow signed the stipulation on May 1, 2007.  In the stipulation, the parties
17 requested that the court continue the hearing date to August 29, 2007, and Mr.
18 Winslow indicated that he would file the opposition "no later than May 16, 2007."  In other
19 words, the May 16, 2007 date was requested by Mr. Winslow.  The stipulation was e-filed
20 by defendant's counsel on May 1, 2007, which means that Mr. Winslow received a copy of
21 the signed stipulation as an e-mail attachment on that date.

22 The court signed the order on May 2, 2007, and it was e-filed by the clerk on that
23 date, which means that Mr. Winslow received a copy of the order as an e-mail attachment
24 on that date.  Thus, not only did Mr. Winslow agree to the dates set in the stipulation on
25 May 1, but he also received two notifications by e-mail, a copy of the stipulation on May 1,
26 fifteen days before the due date, and a copy of the order on May 2, fourteen days before
27 the due date.

28 Mr. Winslow's claim that "[m]y office inadvertently calendared the due date based on

7

the August 29, 2007, hearing date" lacks credence.  The new hearing date was set forth in the same two-page stipulation in which Mr. Winslow agreed to file the opposition "no later than May 16, 2007."  Anyone looking at the stipulation and order in order to determine the new hearing date would have also seen the due dates for the opposition and reply.

Finally, to the extent that plaintiff's motion can be interpreted as a motion for reconsideration under Rule 60(b), the court finds no basis to reconsider its order dismissing the case.  The limitation period for plaintiff's constitutional claims is two years. See Pesnell v. Arsenault, 490 F.3d 1158, 1163 n.3 (9th Cir. 2007) (citing California Code of Civil Procedure § 335.1).  The constitutional claims accrued in September 2004, when Dent sent the "Diplomatic Note" to the Italian Embassy.  Even assuming that the claims against Dent relate back to the filing of the complaint against the United States, the present action was filed on October 2, 2006, more than two years after the claims accrued.

Accordingly, plaintiff's motion for relief from judgment is DENIED.  The date for the hearing on the motion, previously set for Wednesday, October 3, 2007, is VACATED.

**IT IS SO ORDERED.**

Dated: October 1, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

8